UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re **MARIAN BICKCOM**　　　　　　　　　　Case No. 15-53320-MLO
　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　　Judge: OXHOLM

Debtor
_____/

**STIPULATION FOR ENTRY ORDER ALLOWING DEBTOR TO ENTER INTO TRIAL PERIOD PLAN WITH CREDITOR, SHELLPOINT MORTGAGE SERVICING, AND MODIFYING CHAPTER 13 PLAN**

This matter having been scheduled for hearing on April 27, 2020 based on the Debtor's Motion for Court Approval of Trial Period Plan With Creditor, Shellpoint Mortgage Servicing, and Modifying Chapter 13 Plan, objections having been filed, and the parties having since agreed to the following resolution;

**IT IS HEREBY STIPULATED**:

1. This order shall apply to the claim of Shellpoint Mortgage Servicing (hereinafter referred to as "Creditor") for the property at 28935 York St., Inkster, MI 48141.

2. Debtor's Trial Loan Modification with Creditor is approved as follows:
    a. The trial payments required pursuant to this trial loan modification shall be due April 1, 2020, May 1, 2020 and June 1, 2020.
    b. Creditor shall receive the amount of $262.84 per month ("Trial Payment") with each payment being received by Creditor within the months of April 2020, May 2020 and June 2020.

3. Trial Plan Payments shall be made by the Chapter 13 Trustee, addressed to Shellpoint Mortgage Servicing, PO Box 740039, Cincinnati, OH 45274-0039. The Trustee shall make reasonable efforts to make payments such that the payments will be received by Creditor no later than the first day of the month for which the payment is due.

4. Debtor will be deemed in compliance with the Trial Period Plan in the event Creditor receives the amount of $262.84 per month within the months of April 2020, May 2020 and June 2020.

5. The Loan Modification approved in this Order is a "Trial" modification and is subject to further review. Any further modification of the Loan, including any conversion of the Trial Modification into a Permanent Modification while this bankruptcy is pending, shall be subject to separate Order of Court.

6. Not later than June 30, 2020, Creditor will advise the Chapter 13 Trustee, Debtor's Counsel and the Debtor, in writing of the status of the Loan as modified and the status, if any, of any conversion of this Trial Loan Modification to "permanent" status. However, failure of Creditor to provide this notice shall not in any way invalidate the terms of the Trial Loan Modification as approved by this Court or relieve any party of any obligation to comply with the terms of this Order.

7. Except as modified in this Order, the terms and conditions of the Loan and Mortgage documents between Debtor and Creditor shall remain in full force and effect.

8. The treatment of the claim of Creditor in Debtor's Chapter 13 Plan shall be modified as necessary to comply with the provisions of this Order, including but not limited to, the change in Creditor's Class 4.1 mortgage payment.

9. The Trustee shall continue making disbursements on the Class 4.2 mortgage arrears.

| | |
|---|---|
| /s/ Tammy L. Terry | /s/ Ryan A. Paree |
| Tammy L. Terry (P46254) | Ryan A. Paree (P80345) |
| Chapter 13 Standing Trustee | Acclaim Legal Services, PLLC |
| 535 Griswold, Suite 2100 | 8900 E. 13 Mile Road |
| Detroit, MI 48226 | Warren, MI 48093 |
| 313-967-9857 | 248-443-7033 |
| mieb_ecfadmin@det13.net | filing@acclaimlegalservices.com |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re **MARIAN BICKCOM**　　　　　　　　　　Case No. 15-53320-MLO
　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　　Judge: OXHOLM

Debtor
_____/

### ORDER ALLOWING DEBTOR TO ENTER INTO TRIAL PERIOD PLAN WITH CREDITOR, SHELLPOINT MORTGAGE SERVICING, AND MODIFYING CHAPTER 13 PLAN

This matter having been scheduled for hearing on April 27, 2020 based on the Debtor's Motion for Court Approval of Trial Period Plan With Creditor, Shellpoint Mortgage Servicing, and Modifying Chapter 13 Plan, objections having been filed, and the parties having since agreed to the following resolution, and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED**:

1. This order shall apply to the claim of Shellpoint Mortgage Servicing (hereinafter referred to as "Creditor") for the property at 28935 York St., Inkster, MI 48141.

2. Debtor's Trial Loan Modification with Creditor is approved as follows:

    a. The trial payments required pursuant to this trial loan modification shall be due April 1, 2020, May 1, 2020 and June 1, 2020.

    b. Creditor shall receive the amount of $262.84 per month ("Trial Payment") with each payment being received by Creditor within the months of April 2020, May 2020 and June 2020.

3. Trial Plan Payments shall be made by the Chapter 13 Trustee, addressed to Shellpoint Mortgage Servicing, PO Box 740039, Cincinnati, OH 45274-0039. The Trustee shall make reasonable efforts to make payments such that the payments will be received by Creditor no later than the first day of the month for which the payment is due.

4. Debtor will be deemed in compliance with the Trial Period Plan in the event Creditor receives the amount of $262.84 per month within the months of April 2020, May 2020 and June 2020.

5. The Loan Modification approved in this Order is a "Trial" modification and is subject to further review. Any further modification of the Loan, including any

conversion of the Trial Modification into a Permanent Modification while this bankruptcy is pending, shall be subject to separate Order of Court.

6. Not later than June 30, 2020, Creditor will advise the Chapter 13 Trustee, Debtor's Counsel and the Debtor, in writing of the status of the Loan as modified and the status, if any, of any conversion of this Trial Loan Modification to "permanent" status. However, failure of Creditor to provide this notice shall not in any way invalidate the terms of the Trial Loan Modification as approved by this Court or relieve any party of any obligation to comply with the terms of this Order.

7. Except as modified in this Order, the terms and conditions of the Loan and Mortgage documents between Debtor and Creditor shall remain in full force and effect.

8. The treatment of the claim of Creditor in Debtor's Chapter 13 Plan shall be modified as necessary to comply with the provisions of this Order, including but not limited to, the change in Creditor's Class 4.1 mortgage payment.

9. The Trustee shall continue making disbursements on the Class 4.2 mortgage arrears.